*E-FILED - 4/21/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SIEU P. NGO, | ) | No. C 10-4013 RMW (PR) |
| Petitioner, | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| RANDY GROUNDS, Warden, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a decision by the governor reversing the California Board of Parole Hearings' ("Board") decision in 2009 finding him suitable for parole. Petitioner alleged that his right to due process was violated because there was insufficient evidence to demonstrate that he would be a danger to society if released. The court ordered respondent to show cause why the petition should not be granted. On February 14, 2011, petitioner filed a motion to dismiss the case as moot because he has been released on parole. Respondent has neither made an appearance or filed a response.

**DISCUSSION**

A case becomes moot unless, throughout the litigation, the plaintiff has an injury "likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). As petitioner has been released on parole, he has no injury that would be

Order of Dismissal
P:\PRO-SE\SJ.Rmw\HC.10\Ngo013mtdgrant.wpd

1  redressed by a favorable outcome of his petition.  See Johnson v. Rancho Santiago Comm. Coll.
2  Dist., 623 F.3d 1011, 1020-21 (9th Cir. 2010) (case becomes moot when parties lack "a legally
3  cognizable interest in the outcome"); see also Fendler v. United States Bureau of Prisons, 846
4  F.2d 550, 555 (9th Cir. 1988) (habeas challenge to denial of parole moot if petitioner released on
5  parole before court considers petition).  Consequently, the petition is moot.

6       In addition, there is a second ground for dismissal.  The Supreme Court has made clear
7  that a prisoner's federal due process claim regarding a denial of parole is limited to whether he
8  received the minimum procedures necessary under the federal constitution.  Swarthout v. Cooke,
9  131 S. Ct. 859, 862 (2011) (per curiam).  Specifically, this court's inquiry is limited to whether
10 petitioner was given an opportunity to be heard, and given a statement of reasons for the denial.
11 Id., citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16
12 (1979).  Thus, petitioner's allegation that there was insufficient evidence to support a denial of
13 parole fails to state a cognizable claim for federal habeas relief.  See id.

## CONCLUSION

15 Petitioner's motion to dismiss is GRANTED.  The Clerk shall terminate all pending
16 motions and close the file.

17     IT IS SO ORDERED.
18 DATED: 4/21/11

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge